FILED
FEB 11 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KINETIC CONCEPTS, INC., KCI LICENSING, INC., KCI USA, INC., WAKE FOREST UNIVERSITY HEALTH SCIENCES, MEDICAL HOLDINGS LIMITED, KCI MANUFACTURING and KCI MEDICAL RESOURCES,<br><br>*Plaintiffs,*<br><br>v.<br><br>BLUE SKY MEDICAL GROUP, INC. and SMITH & NEPHEW, INC.,<br><br>*Defendants.* | Case No. SA:08-CV-00102 WRF |
| AND RELATED COUNTERCLAIMS | |

## ORDER REGARDING POST-VERDICT JUROR INTERVIEWS

On January 25, 2011, the Court sent a letter to each of the twelve jurors stating that the Court had given the lawyers in the case permission to contact the jurors and speak with them regarding the case, subject to the jurors' agreement to participate in voluntary interviews. On January 31, 2011 and thereafter, the parties began to contact the jurors and interview them. On February 7, 2011, the Court held a telephone conference with counsel for the parties to insure a fair and orderly process for interviewing jurors who wish to participate.

Within three business days of this Order, the parties are ordered to agree regarding a procedure for interviewing jurors who have yet to be interviewed by either party, so that each party has the opportunity to be the first party to interview the same number of jurors for a 10-day

time period. After the 10-day time period has expired, the parties may freely contact jurors without regard to whether the other party has interviewed them. Moreover, within 1 business day of the issuance of this Order, the parties are to identify to each other the names of jurors already interviewed. The parties may immediately contact jurors previously interviewed by the opposing party. Moreover, the parties may freely contact jurors during the 10-day period who have already been interviewed by the other party, with the parties to give each other notice via e-mail upon completion of an interview.

Further, given the circumstances of this case, including that this Court has entered Final Judgment, the case is on appeal, the parties have represented to the Court that the purpose of the interviews is to collect information for future cases and not to search for juror misconduct, and that they will not use information gained from juror interviews as the basis for any juror misconduct claim, and one party has already promised the jurors compensation for their time spent giving the interview, the Court hereby orders that the parties may separately compensate each juror for their time in participating in an interview in the amount of no more than $100 per juror. This Order is made based on the unique circumstances present in this case, and is not intended to have any precedential effect.

SIGNED this 11th day of February, 2011.

_____
THE HONORABLE ROYAL FURGESON
UNITED STATES DISTRICT JUDGE